966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John F. WYATT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-6140.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, John F. Wyatt, appeals summary judgment entered in favor of the defendant, The Secretary of Health and Human Services, in this action seeking review of the denial of plaintiff's claim for disability insurance benefits and supplemental security income.
 
 I.
 
 2
 Plaintiff, John F. Wyatt, filed applications for social security disability and supplemental security income benefits on January 4, 1989. Plaintiff alleged that he had been disabled since November 30, 1987, at age 41, "due to diabetes, a heart attack, carpal tunnel syndrome and vision problems." Plaintiff had a myocardial infarction on March 11, 1986. He was treated by balloon angioplasty, but had no other surgical treatment.[1]
 
 
 3
 Following the denial of his claim at the initial and reconsideration level, a hearing was held before an administrative law judge ("ALJ") on October 6, 1989. On January 10, 1990, the ALJ issued a decision that plaintiff was not disabled because he was capable of performing a full range of sedentary work. The Appeals Council denied review and this decision became the final decision of the Secretary.
 
 
 4
 On February 16, 1990, plaintiff suffered another heart attack. Plaintiff reapplied for benefits. In a decision issued on June 28, 1991, plaintiff was found to be disabled as of the date of his second heart attack.
 
 
 5
 Subsequently, plaintiff appealed the Secretary's earlier denial of benefits, seeking to recover those disability benefits accruing during the period between the alleged onset date (November 30, 1987) and the date on which benefits were ultimately awarded (February 16, 1990). Plaintiff therefore commenced an action for judicial review in the United States District Court for the Western District of Kentucky. The case was referred to a United States Magistrate, who prepared a report and recommendation upholding the denial of benefits. The district court adopted the magistrate's recommendation and on August 30, 1991, issued an order affirming the Secretary's denial of benefits. Plaintiff timely filed this appeal.
 
 II.
 
 6
 This court has jurisdiction on appeal to review the Secretary's final decision pursuant to 42 U.S.C. § 405(g) which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 7
 The plaintiff has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A). If the plaintiff is working, and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If a plaintiff is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). Since the ALJ found that plaintiff had not worked since he filed his application for disability benefits on January 4, 1989 and that he suffered from a severe impairment, further inquiry was necessary. If a plaintiff is not working and has a severe impairment, it must be determined whether he suffers from one of the "listed" impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that plaintiff did not suffer from one of the listed impairments. In such a case, assuming the individual has previously worked, the Secretary must next decide whether the plaintiff can return to the job he previously held. By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978), the plaintiff establishes a prima facie case of disability. In the instant case, the ALJ found that the plaintiff was not capable of returning to his particular occupation.
 
 
 8
 At this step in the analysis, it becomes the Secretary's burden to establish the plaintiff's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a plaintiff retains the capacity to perform a different kind of job. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f)(1), 416.920(f); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." 20 C.F.R. § 404.1569. See 20 C.F.R. Pt. 404, Subpt. P, App. 2. In the instant case, the ALJ found that plaintiff retained the residual functional capacity to perform a full range of sedentary work, that he was a younger individual, had a tenth grade education, that his previous work experience had been unskilled, and that he had no transferable skills. Accordingly, the ALJ, using the grid as a framework because plaintiff possessed non-exertional restrictions, found that there were a significant number of sedentary jobs which the plaintiff could perform consistent with his limitations, and, therefore, the plaintiff was not disabled at any time prior to February 16, 1990. 20 C.F.R. §§ 404.1520(f) and 416.920(f).
 
 III.
 
 9
 Plaintiff first argues that the Secretary's policy of relying on the results of a treadmill exercise test in determining disability from ischemic heart disease is inconsistent with the requirements of the Social Security Act because it "precludes consideration of relevant and reliable evidence in adjudicating claims." Plaintiff contends that this policy violates the Act's requirement of making individualized assessments of disability and unlawfully precludes consideration of subjective symptoms and functional limitations.
 
 
 10
 Plaintiff contends that the entirety of the evidence demonstrates that he has met or equaled the listed impairment for ischemic heart disease as specified in section 4.04(B). However, the ALJ was precluded from considering evidence beyond the treadmill test results according to section 4.04(A). "When a treadmill test is available, either from a treating physician's file or because the SSA required the test, and ischemia is the only ailment alleged, the Listings dictate that the results of the treadmill test control the analysis to the exclusion of all other medical findings." State of New York v. Sullivan, 906 F.2d 910, 914 (2d Cir.1990). Because there were acceptable treadmill test results available in this case, the ALJ was limited to these results and could not consider other evidence in determining whether plaintiff met the listed impairment for ischemic heart disease at step three of the analysis. See 20 C.F.R., Part 404, Subpart P, App. 1, 4.04(A). As noted by the ALJ, plaintiff was not able to demonstrate that he met or equaled the listed impairment for ischemic heart disease under § 4.04(A) which required a test result of "5 METS or less." Dr. Robert Reed, who administered the test, found that plaintiff had an exertional capacity to a "workload of 6.6 METS" and that plaintiff "could be expected to function at a level of about 5 METS." Joint Appendix at 289. Therefore, plaintiff was not disabled at the third step of the sequential evaluation process.
 
 
 11
 Plaintiff now argues that the ALJ's sole reliance on treadmill test results pursuant to section 4.04(A), to the exclusion of all other evidence, violates the Act. In support of his challenge to the listings, plaintiff cites State of New York v. Sullivan, 906 F.2d 910 (2d Cir.1990). That case held that the Secretary's sole reliance on treadmill test results when evaluating claims of ischemic heart disease, to the exclusion of all other available relevant evidence, violates Congress' requirement of particularized treatment and significant input from treating physicians. Id. at 916. The court concluded that the "failure to consider other available relevant evidence at steps 3, 4 and 5 [is] inconsistent with the personalized approach to disability adjudications required by the Social Security Act." Id.
 
 
 12
 In the present case, however, the ALJ did consider other available evidence beyond the treadmill test results at both steps four and five. Therefore, unlike State of New York, the Secretary, in the present case, did not completely abdicate his responsibility of making an individualized assessment. Where the record on appeal "suggests that the Secretary did not rely exclusively on the results of the treadmill test," the holding in State of New York will not invalidate the Secretary's decision. Curry v. Secretary of Health & Human Services, 925 F.2d 1127, 1131 (9th Cir.1990). Because the Secretary did consider other relevant evidence at steps four and five, the plaintiff's right to an individualized evaluation was preserved. At these steps, the plaintiff's residual functional capacity was assessed in light of all the evidence in the record, and consideration was given to what work, if any, plaintiff could do given his residual functional capacity and his age, education and work experience. 20 C.F.R. §§ 404.1520(e), 404.1520(f). For the above reasons, we conclude that State of New York is not controlling, and the regulations, which require the exclusive consideration of treadmill test results at step three, should be approved. See Atterberry v. Secretary of Health & Human Services, 871 F.2d 567 (6th Cir.1989).
 
 
 13
 Plaintiff argues that section 4.04(A) precluded the ALJ from considering other relevant evidence in this case. However, the record on appeal demonstrates that the ALJ did consider the following evidence at steps four and five.
 
 
 14
 First, plaintiff contends that the Appeals Council "was presented with evidence indicating Mr. Wyatt met a Listing in a report from Dr. Reed dated 2/16/90," yet never considered this evidence. This report read:
 
 
 15
 The patient had totally obstructed LAD, 50% lesion, just passed the acute margin in the circumflex system. Left ventricular function showed an ejection fraction of 20 to 25% and there was a large anterior apical and distal inferior wall Akinetic segment 50% lesion prior to PDA.
 
 
 16
 Supplemental Appendix at 375. This evidence would supposedly establish plaintiff's disability for eschemic heart disease. However, this report was dated "February 16, 1990," nearly four months after the hearing and one month after the ALJ's decision.
 
 
 17
 The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material. Willis v. Secretary of Health & Human Servs., 727 F.2d 551, 553-54 (6th Cir.1984). In this case, we do not believe that Dr. Reed's diagnosis, which reflects plaintiff's condition after suffering a recent heart attack, was material to plaintiff's condition as of the onset date of November 1987 or even on the hearing date of October 1989. Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 712 (6th Cir.1988). Therefore, this new evidence was irrelevant and cannot justify a remand.
 
 
 18
 Next, plaintiff argues that by relying on the results of the treadmill test, the ALJ was improperly prevented from considering plaintiff's subjective symptoms. We do not agree. The ALJ did consider plaintiff's allegations of pain but rejected most of them as not supported by objective medical evidence.
 
 
 19
 With respect to pain, this court has previously held that subjective complaints of pain may support a claim for disability. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 852 (6th Cir.1986). To support such a claim, however, there must be objective medical evidence of an underlying medical condition in the record. Id. at 853. If this requirement is met, the court must also determine either that the objective medical evidence confirms the severity of the alleged disabling pain arising from the condition or that the objectively established medical condition is of such a severity that it can reasonably be expected to produce disabling pain. Id.
 
 
 20
 In his findings, the ALJ determined that the plaintiff had not established that he was suffering from any condition which would cause his alleged hip, thigh and knee and ankle pain. However, he did recognize that his alleged chest pain was likely the result of heart disease. Additionally, the ALJ recognized that the pain in his upper extremities was caused by carpal tunnel syndrome. However, the ALJ found that the chest pain could be relieved by plaintiff's prescribed medication, and that plaintiff typically engaged in such household chores as grocery shopping (and carrying the bags), dishwashing, cooking, sweeping and driving. Therefore, the ALJ concluded that plaintiff's pain would not be so disabling as to prevent him from engaging in gainful employment of the sedentary type. We agree that the ALJ correctly applied the Duncan standard, and his analysis reaches the proper result.
 
 
 21
 Plaintiff next contends that the Secretary's policy violates the Social Security Act by "precluding consideration of functional limitations in determining RFC where the claimant has ischemic heart disease and a [treadmill test] in the file." Plaintiff concludes that the Secretary's policy "often overestimates the individual's ability to work." Appellant's Brief at 11. We do not agree.
 
 
 22
 The ALJ, in the present case, after a careful consideration of numerous factors concluded that plaintiff's RFC allowed him to perform sedentary work. The testimony of Dr. Joel S. Dill, the vocational expert, demonstrated that in light of claimant's age, education and capacity to perform the exertional requirements of sedentary work and that the claimant has diminished visual acuity in the left eye, that the claimant has had a previous myocardial infarction, that he has had previous carpal tunnel release, and that he suffers from a non-severe dysthmic disorder plaintiff would be able to perform a significant number of jobs in the national economy. The ALJ also considered the RFC evaluations conducted by Dr. H.W. Adams and Dr. John B. Clay, both of whom opined that plaintiff could do sedentary work. It is important to note that Drs. Adams and Clay relied on evidence beyond the treadmill test data to support their conclusions. Furthermore, the ALJ did consider Dr. Dunlany's opinion that plaintiff was "suffering from coronary artery disease and is physically disabled." This evidence was rejected, however, because it was not supported by objective medical evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 23
 We recognize that the ALJ's conclusion that plaintiff could perform sedentary work was based, in part, on the treadmill test. The test concluded that plaintiff had an exertional capacity of 6.6 METS and that he could be expected to function at a level of 5 METS for short intervals and could be maintained for a few minutes at a time. This is not inconsistent with a finding that plaintiff could perform sedentary tasks, which ordinarily have a metabolic equivalent of 2 to 4 METS. Crouchet v. Secretary of Health & Human Servs., 885 F.2d 202, 204-05 (5th Cir.1989). Therefore, the treadmill test results do support the AlJ's conclusion that plaintiff could perform sedentary work.
 
 
 24
 Because the regulations, sections 4.04(A)(B), Part 404, Subpart P, Appendix 1, do not deprive a claimant of an individualized evaluation in all cases, and because the ALJ in this case considered factors beyond the treadmill test results, we conclude that the Secretary's decision comported with the Social Security Act's guarantee of an individualized assessment of disability.
 
 III.
 
 25
 The plaintiff next argues that the ALJ erred in not considering the report of his treating physician, Dr. Humphrey. In response, the Secretary contends that the ALJ need not consider this report because it related to plaintiff's condition prior to his alleged onset date of disability, November 30, 1987. This report was submitted along with plaintiff's earlier application for benefits on July 21, 1987, in which he alleged an onset date of October 1986. This earlier application was denied on March 29, 1988 and plaintiff did not request a hearing before an ALJ. Plaintiff then filed the present applications for benefits on January 4, 1989 alleging the later onset date of November 30, 1987.
 
 
 26
 This circuit has held that "the Secretary may apply the doctrine of res judicata pursuant to 20 C.F.R. § 404.937(a) to deny consideration of a claim for benefits which raises issues and presents facts previously considered by the Secretary in relation to a prior claim for benefits which had been denied." Wilson v. Califano, 580 F.2d 208, 210-11 (6th Cir.1978); See also Duncan, 801 F.2d at 847 n. 1 (6th Cir.1986). Therefore, under the present circumstances, the ALJ was not required to consider Dr. Humphrey's report. Thus, since it was not error for the ALJ not to accept this evidence, remand is not necessary.
 
 IV.
 
 27
 For the foregoing reasons, the district court's decision is hereby AFFIRMED.