985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie FIELDS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1334.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marie Fields filed for disability benefits at age 47, claiming disability due to a back injury which occurred while she was working as a nurse's aid. She contends that this back injury combined with her obesity establishes her disability. The district court, based upon the magistrate judge's report and recommendation, determined the Secretary's decision was supported by substantial evidence. We agree with the district court that there was substantial evidence to support the Secretary's decision and thus AFFIRM.
 
 I. THE INJURY AND THE TREATMENT
 
 2
 Mrs. Fields worked as a nurse's aid and was injured while lifting a patient in February, 1989. One month after this injury she developed a numbness in her lower back and leg. Dr. Croissant, her treating physician, discovered mild L-5 radiculopathy on the right lower extremity.
 
 
 3
 Therapy did not adequately deal with her problem, and Dr. Croissant performed partial laminectomies and discetomies of L-3 and L-4. At the time of her discharge from the hospital, he noted that her condition was improved but she was still complaining of pain. As of May 31, 1989, Dr. Croissant reported "Marie is doing well post-operatively.... She is walking more outside and tolerating activity well."
 
 
 4
 The next doctor's report, dated October 30, revealed that Fields had another partial laminectomy of L-4 with the removal of some recurrent disc herniation. Dr. Croissant noted "It was difficult to motivate her. She spent her time in bed. Although she looked comfortable, she did complain of some discomfort. At the time of discharge she was much improved."
 
 
 5
 In January of 1990, Dr. Croissant reported: "Mrs. Fields is doing excellently. Her pain is much improved and her back is healed normally with a relatively normal scar. She is now two months postop. We are gradually increasing her activities and plan to see her in a month." Dr. Croissant reported in February that she was going to continue dieting on her own and to continue her exercise program. He hoped "to get her back into a normal life-style and working as soon as possible".
 
 
 6
 The claimant presented a letter dated June 30, 1990 by Dr. Sperl to the appeals council:
 
 
 7
 We have started her on an out patient physical therapy program. Her symptomatology has definitely shown improvement. The thing that seems to bother her the most, however, is this ongoing complaint of radiation into the right leg. It was following her second surgery that she, in fact, began complaining of constant pain in the right leg. Prior to the surgery, she was only complaining of intermittent discomfort.
 
 
 8
 * * *
 
 
 9
 ... Many of her complaints and symptoms of radiation into the right leg appear to be related to scar tissue formation. I would certainly see no indication for further surgery at this point given the fact, again, that the patient has undergone two prior surgeries.... Ms. Fields is making reasonable progress.... As she has shown slow but steady improvement, we will continue with treatment as long as we see improvement.
 
 
 10
 (emphasis supplied).
 
 
 11
 Dr. Asa Brown testified as the vocational expert before the Administrative Law Judge that because of her good extremity function and her capability of lifting up to 50 pounds on occasion and up to 25 pounds on a more frequent occasion that she could do unskilled medium work and unskilled light work. In the past, Ms. Fields had worked as a nurse's aid, which did not require much lifting or bending, unlike her last nurse's aid job when the injury occurred.
 
 
 12
 Ms. Fields testified that she attends church twice a week, that she shops for personal items twice a month, that she visits with friends and reads, that she prepares meals with help from her daughter, that she helps her daughter with her homework, and that she dresses and feeds herself.
 
 II. DECISIONS ON CLAIM
 A. Administrative Law Judge
 
 13
 The Administrative Law Judge (ALJ) found that Ms. Fields was not engaged in substantial gainful activity (Step 1)[1] and that she met the eligibility of insured status. The ALJ then found that "[t]he medical evidence indicates that the claimant suffers from a history of two lumbar laminectomies and obesity. These impairments do interfere with her ability to perform basic work activities. Therefore, she suffers from a severe impairment." (Step 2).
 
 
 14
 The ALJ then determined that she did not meet the obesity requirements as found in Table II, Section 10.10, Appendix 1, 20 C.F.R. Chapt. III, Part 404, because after reviewing the various doctor reports he ruled she was five feet one inch tall and weighed 235 pounds. Therefore, she was just short of meeting the obesity level[2] and she did not satisfy any other Listing of Impairments with her back problems and her obesity combined.
 
 
 15
 The ALJ further found that she was capable of performing her past relevant work as a nurse's aid (Step 4). According to the ALJ, she is capable of medium work. Finally, the ALJ found her complaints of pain were not credible in light of Social Security Ruling 88-13 and in light of a report by her doctor that pain was associated with exertion only. The Appeals Council refused to review the ALJ's decision, finding no basis for doing so.
 
 
 16
 B. The Magistrate Judge and the District Court
 
 
 17
 Upon appeal, the district court referred the claim to a magistrate judge who filed a thorough report and recommendation suggesting affirmance. In reviewing the Secretary's decision, the magistrate judge focused on whether there was substantial evidence that the plaintiff could perform her past work which included both medium and light work. After reviewing the record and particularly the doctors' reports in detail, this finding was made: "While plaintiff does have a back impairment and may never be able to return to her past very heavy work, she has pointed to no evidence in the record which would clearly indicate that she cannot perform her past light work." The district court, upon de novo review, adopted the report and recommendation in full.
 
 III. STANDARD OF REVIEW
 
 18
 This court reviews the Secretary's final decision to determine if it is supported by substantial evidence. Sherrill v. Secretary of HHS, 757 F.2d 803 (6th Cir.1985). Substantial evidence suggests "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 804 (quoting Richardson v. Perales, 402 U.S. 389 (1971)).
 
 
 19
 The ALJ found that Ms. Fields could perform her past relevant light or medium work. The ALJ did not go beyond Step 4 of the applicable procedure, and thus the Secretary is not required, as the claimant argues, to reach the next step and to show that she was able to perform other work found in the national economy. Since the ALJ did not base his decision on whether or not she met one of the Listed Impairments, it is not necessary to discuss Fields' obesity, and any effort to control her condition, in light of Table II. The ALJ determined that she did not meet one of the Listed Impairments and thus, moving on to the next step, considered her age, education, and work experience.
 
 IV. CONCLUSION
 
 20
 We find the ALJ's decision to be supported by substantial evidence. Dr. Croissant reported he wanted to get her back to work and that she was making progress. Not one of the medical reports recommended that Ms. Fields should not return to work or that she would not be able to do so in the future.
 
 
 21
 Moreover, her claims of disabling pain must be supported by objective medical evidence. See Wyatt v. Secretary, HHS, 974 F.2d 680 (6th Cir.1992). Social Security Ruling 88-13, a policy interpretation ruling, explains
 
 
 22
 There are situations in which an individual's alleged or reported symptoms, such as pain, suggest the possibility of a greater restriction of the individual's ability to function than can be demonstrated by objective medical evidence alone. In such cases, reasonable conclusions as to any limitations on the individual's ability to do basic work activities can be derived from the consideration of other information in conjunction with medical evidence.
 
 
 23
 Medical evidence reveals she is able to move one leg up to 50 degrees when 90 degrees is normal. Both Dr. Croissant and Dr. Sperl reported that her condition was improving and reduced the amount of her pain medication. Both doctors admit that some pain may be caused by the scarring found near the point of surgery. Although her activity level increased as time went on, her complaints of pain increased after the second surgery. We find substantial evidence to support the finding that Fields' claims of pain are not substantiated by the medical evidence.
 
 
 24
 Finding the Secretary's decision was supported by substantial evidence, we AFFIRM the district court.
 
 
 
 [1]
 The Social Security Administration has promulgated a five step procedure to evaluate a claimant's claims of disability. See 20 C.F.R. § 404.1520
 
 
 [2]
 In one medical report, it was recorded that Ms. Fields was five feet tall and in another report she was 240 pounds. Either would have satisfied the requirements of Table II. She then would have had to show one other problem as found in Section 10.10 A-E. Section 10.10 A concerns any pain and limitation found in any weight bearing joint or spine. This latter section may have applied to her