12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John T.E. TALLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3643.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 John T.E. Talley, a pro se Ohio resident, appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits prior to January 20, 1988. Talley requests oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 8, 1987, Talley filed an application for disability insurance benefits, alleging that he became disabled on November 23, 1984, due to a back injury. The application was denied at the initial level on December 11, 1987. On January 19, 1988, this decision was affirmed on reconsideration. Talley did not seek further review of that decision.
 
 
 3
 On December 15, 1989, Talley filed a second application for disability insurance benefits. He alleged that he became disabled on October 26, 1984, due to a back injury and other impairments. After his application was denied initially and upon reconsideration, Talley requested an administrative hearing.
 
 
 4
 On May 17, 1991, an administrative law judge (ALJ) conducted a hearing. Talley, who was represented by counsel, appeared and testified. On June 19, 1991, the ALJ issued a decision denying Talley's claim for benefits. In his decision, the ALJ refused to review Talley's request for disability benefits prior to January 20, 1988, on the grounds of res judicata.
 
 
 5
 Subsequently, the Appeals Council vacated the ALJ's decision and remanded the case for a new evaluation of Talley's residual functional capacity and for a medical expert's opinion regarding his impairment. The ALJ conducted a second administrative hearing at which a medical expert testified that Talley's conditions equalled a listed impairment found in 20 C.F.R. Part 404, Subpart P, App. 1.
 
 
 6
 On April 10, 1992, the ALJ issued a new decision finding Talley disabled as of January 20, 1988, because his conditions equalled a listed impairment. The ALJ refused to reopen the January 19, 1988, decision based on res judicata grounds and because Talley had not submitted new evidence justifying a reopening. The ALJ also noted that Talley's disability benefits would be offset by his workers' compensation payments.
 
 
 7
 In June 1992, the Social Security Administration (SSA) effectuated the ALJ's decision. The SSA notified Talley that his disability benefits would be reduced due to his receipt of workers' compensation benefits. Talley requested Appeals Council review, contending that his disability insurance benefits should not be reduced because of his workers' compensation benefits. The Appeals Council found the argument meritless.
 
 
 8
 Talley then sought judicial review of the Secretary's decision contending that his prior application should have been reopened and that his benefits should not be subject to any offset. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as meritless.
 
 
 9
 In his brief, Talley appears to raise the same arguments that he presented to the district court. In addition, he contends that the district court erred by not permitting him to engage in discovery.
 
 
 10
 Upon review, we conclude that the Secretary committed no error of law. The Secretary properly barred consideration of Talley's prior application for benefits under the doctrine of res judicata. Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 687 (6th Cir.1992). Furthermore, Talley's social security disability benefits are subject to the offset provisions of 42 U.S.C. Sec. 424a(a) because he receives workers' compensation benefits. See Merz v. Secretary of Health and Human Servs., 969 F.2d 201, 204-07 (6th Cir.1992). Finally, the district court properly denied Talley's request for discovery.
 
 
 11
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.