23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert SPERANDEO, Plaintiff-Appellant;
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1457.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Robert Sperandeo appeals the district court's decision affirming the denial of his disability insurance benefits by the Secretary of Health and Human Services. Since there is substantial evidence in the record to support the Secretary's decision to deny benefits, we affirm the district court.
 
 
 2
 * On March 5, 1990, Sperandeo applied for Social Security disability insurance benefits, claiming he had been disabled since October 22, 1982, when he injured himself falling upon a trailer hitch while washing his car. He claims lower back, hip, and left leg pain, left leg numbness, and injury to his spine and nerves. Before the injury, he worked as a self-employed millwright and rigger. The record contains numerous medical reports by various doctors who have examined Sperandeo since his accident.
 
 
 3
 After a hearing, an administrative law judge ("ALJ") issued a decision finding Sperandeo was not disabled, since he could perform a significant number of sedentary jobs. The ALJ's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council denied Sperandeo's request for review. Sperandeo filed for review of the Secretary's decision in federal court, and on September 30, 1992, a magistrate judge issued a Report and Recommendation advising the district court to reverse the Secretary's decision. The Secretary objected to the Report and Recommendation, and on January 22, 1993, the district court entered an Opinion and Order rejecting the magistrate's conclusions and affirming the ALJ's decision that Sperandeo was not disabled and not entitled to benefits.
 
 
 4
 The Secretary's decision on a denial of benefits is conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quotations omitted), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the whole record and take into account both the supporting and the contradicting evidence. Wyatt v. Secretary of Health & Human Servs., 974 F.2d 680, 683 (6th Cir.1992). We must uphold a determination supported by substantial evidence regardless of whether we would have resolved factual issues differently in the first instance. Id.
 
 II
 
 5
 Sperandeo met the earnings requirements for disability benefits only through December 31, 1986, so the scope of this case is necessarily limited to the period between October 22, 1982, and the end of 1986. The ALJ determined that the plaintiff was not disabled during that period for purposes of the Social Security Act. Sperandeo argues that the ALJ decision is not supported by substantial evidence.
 
 
 6
 There was more than enough evidence in the record to sustain the ALJ's conclusion that Sperandeo's injury is not disabling. Most of the doctors who treated him found that he had a normal spinal range of motion, no muscle spasms, no muscle atrophy, and no reflex loss or abnormal reflexes, and a vocational expert testified that there were thousands of sedentary jobs in the Detroit area that Sperandeo was capable of performing.
 
 
 7
 Nevertheless, Sperandeo's position that he was disabled is also supported by evidence, most of which comes from his treating physician, Dr. A.J. Scarchilli, and from Dr. John Swienckowski, an orthopedic surgeon who examined Sperandeo on referral from Scarchilli. They diagnosed him with serious disabilities. While the diagnosis of an applicant's own physician is normally accorded greater weight than those of other doctors, the diagnosis still must be supported by sufficient medical data. Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 213 (6th Cir.1986). As the ALJ noted, "Drs. Scarchilli and Swienckowski failed to provide any objective clinical, laboratory, or X-ray evidence to support their diagnoses" and their opinions were "based solely on the claimant's subjective symptomatology and allegations of debility." J.A. at 23-24. Furthermore, the findings of these doctors were contradicted by the findings of doctors Leonard Yovis, R. Teasdall, Rogers, Victor Gordon, John MacNeil, and H. Harvey Gass. J.A. at 23.[1] The latter groups of doctors provided more objective evidence in their reports. For instance, MacNeil and Yovis performed and reported X-ray studies of Sperandeo, J.A. at 135-36, 193, Gordon provided a full report of electrodiagnostic testing, J.A. at 132-33, and Gass described the tests that he performed in support of his conclusion that "there are no objective findings to support his complaints of pain." J.A. at 154.
 
 
 8
 In addition to finding that the treating physician's diagnosis was not as well supported as that of the other doctors, the ALJ also found the treating physician to be less credible due to some inconsistencies in his reports. J.A. at 24. While we need not defer to credibility determinations that are based on a written record rather than upon demeanor, the inconsistencies nevertheless lend support to the ALJ's decision to disregard the treating physician's diagnosis in favor of the opposing ones. In all, the ALJ's decision to discredit the information from the treating physician is one of weighing the evidence that we do not overturn.
 
 
 9
 Sperandeo focuses on three specific objections to the ALJ's decision. First, he argues that he is disabled under Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1986), which provided a test for evaluating allegations of disabling pain. While it is possible that severe pain can constitute a disability, we cannot accept a bare allegation of pain, but must relate it to the underlying medical condition:
 
 
 10
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 11
 Id. The objective evidence in the record probably does not confirm, nor can the injuries for which there is such evidence reasonably be expected to produce, Sperandeo's claimed pain. At the least, the ALJ was reasonable to find that Sperandeo's claimed disabling pain was not supported by such evidence. Furthermore, the ALJ found Sperandeo's own testimony regarding his symptoms to be "only minimally credible" due to a number of inconsistencies in his testimony. A reviewing court does not normally disturb the ALJ's credibility determinations, as the ALJ has had the opportunity to observe the demeanor of the witness. Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 928 (6th Cir.1987).
 
 
 12
 Second, Sperandeo relies on Wages v. Secretary of Health & Human Servs., 755 F.2d 495, 499 (6th Cir.1985) (per curiam), which held that there was insufficient evidence to support an ALJ decision that a claimant could not perform sedentary work where "evidence showed that [she] must be allowed to alternate between sitting and standing for her comfort." Here, however, there was evidence in the record to properly support the ALJ's conclusion that Sperandeo did not need to alternate between sitting and standing, so Wages is inapplicable. For the same reason, Sperandeo's third argument fails. He challenges the hypothetical question that the ALJ asked of the vocational expert who testified. This question led to the ALJ's conclusion that there were a significant number of area jobs that Sperandeo was able to perform. Sperandeo claims that there would have been fewer jobs if the ALJ had stated in his question that Sperandeo is limited to jobs that alternate between sitting and standing, but, as stated above, the ALJ was reasonable in choosing not to do so. The facts in the ALJ's hypothetical were reasonably drawn from the evidence.
 
 III
 
 13
 In all, though it might be possible to draw a differing conclusion from the record upon reviewing it in the first instance, it is clear that the ALJ's decision not to award benefits is supported by substantial evidence. We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 In specific, the ALJ stated:
 The findings of Dr. Scarchilli ... and Dr. Swienckowski ... are inconsistent with those of the other reporters of record. Dr. Swienckowski noted decreased extensor and extensor hallucis longus strength on the left and hypesthesia over the L5 dermatome and diagnosed herniated disc at L4-5 with neuropathy, and Dr. Scarchilli diagnosed left peroneal inflammation and L5 nerve root irritation secondary to disc lesion. Drs. Scarchilli and Swienckowski failed to provide an objective clinical, laboratory, or X-ray evidence to support their diagnoses. Drs. Yovis, Teasdall, and Rogers found no specific neurological deficit indicative of root or sciatic nerve involvement in the left lower extremity, Dr. Gordon found no evidence of L5 root involvement, Dr. MacNeil commented on the integrity of the dorsiflexors and plantar flexors of the bilateral ankles and toes, and Dr. Gass found no basis for a diagnosis of nerve root compression, sciatic neuritis or neuropathy, or traumatic myofascitis, concluding that the claimant's subjective complaints of pain were not verifiable by objective neurological examination.
 J.A. at 23-24.