28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gladys Demetra WELLS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6601.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 1
 Before KENNEDY and JONES, Circuit Judges, and GRAHAM, District Judge.
 
 ORDER
 
 2
 Gladys Wells appeals a district court judgment affirming the Secretary's denial of her application for supplemental security income benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Wells filed an application for supplemental security income benefits with the Secretary alleging that she suffered from a hiatal hernia, obesity, nervousness, shortness of breath, headaches, nausea, back pain, and depression. Following two hearings, an administrative law judge (ALJ) determined that Wells was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Wells then filed a complaint seeking review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary.
 
 
 5
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Initially, we note that in the district court, Wells argued that the ALJ erred in concluding that she was not disabled by applying the medical-vocational guidelines (grids) found at 20 C.F.R. Part 404, Subpart P, App. 2. This argument was not raised on appeal and, therefore, is considered abandoned and unreviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 For the first time on appeal, Wells argues that: (1) the ALJ erred in disregarding the vocational expert's answers to the ALJ's hypothetical questions concerning her impairments; (2) the ALJ erred in finding that the vocational expert answered the hypothetical questions as a psychologist rather than as a vocational expert; and (3) the ALJ erred in denying the vocational expert, who was a licensed psychologist, the opportunity to testify as a psychologist. Unless exceptional circumstances are present, the court will not address an issue not first raised in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Wells has not explained why these issues were not presented to the district court and no exceptional circumstances appear to be present to warrant addressing the issues on appeal.
 
 
 8
 The only issue properly before the court is whether the district court erred in denying Wells's motion to reverse the Secretary's decision in light of the fact that her second application for benefits was granted. Under 42 U.S.C. Sec. 405(g) our review is limited to the final decision of the Secretary. See 20 C.F.R. Secs. 404.955, 404.981; Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir.1992). As Wells's second application for benefits has no bearing on her first application, the district court properly denied Wells's motion for reversal.
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 10
 ---------------
 
 
 
 * The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation.