51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas W. HUNTER, on behalf of June F. HUNTER, Deceased,
Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5383.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 Before: MILBURN, RYAN and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Thomas W. Hunter appeals a district court judgment affirming the Secretary's denial of his deceased wife's application for social security disability insurance benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Mrs. Hunter filed an application for social security disability insurance benefits alleging that she suffered from diabetes, neuropathy, hypertension, arthritis, and cardiovascular disease. Mrs. Hunter alleged an onset date of disability of November 15, 1972. Her insured status expired on September 30, 1976. Mrs. Hunter died of respiratory failure on April 5, 1991.
 
 
 3
 Due to her death, Mrs. Hunter's husband, Thomas W. Hunter, pursued the application for benefits on his wife's behalf. Following an administrative hearing, held after Mrs. Hunter's death, an Administrative Law Judge (ALJ) determined that prior to the expiration of her insured status, Mrs. Hunter was not disabled because she had the residual functional capacity to perform a significant number of jobs in the national economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Mr. Hunter then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Mr. Hunter's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Mr. Hunter argues that the Secretary erred by relying on the residual functional capacity assessment of Dr. McNeal, a nontreating physician, to conclude that Mrs. Hunter could perform sedentary work. The burden of establishing disability is with the claimant. Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir.1992). The claimant also has the duty to provide sufficient evidence so that the Secretary may make a disability determination. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 214 (6th Cir.1986). As Dr. McNeal's report is the only physical assessment in the record, his opinion as to Mrs. Hunter's ability to perform sedentary work is unrebuted and, therefore, supports the Secretary's decision.
 
 
 7
 Mr. Hunter contends that Dr. Merritt's opinion establishes that his wife could not perform sedentary work after 1972. However, from November 1975 through January 1978, Mrs. Hunter consistently stated that she felt "fine." It was not until January 24, 1978, that Mrs. Hunter began to suffer musculoskeletal pain. Therefore, Dr. Merritt's office notes do not establish that Mrs. Hunter was unable to perform sedentary work prior to the expiration of her insured status.
 
 
 8
 Mr. Hunter contends that the Secretary erred by relying on the medical-vocational guidelines (grids) to conclude that Mrs. Hunter could perform sedentary work. The grids are not applicable if a claimant suffers from a significant nonexertional impairment. Damron v. Secretary of Health and Human Servs., 778 F.2d 279, 282 (6th Cir.1985). Nonexertional impairments encompass mental, sensory, and environmental limitations. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987). The medical evidence does not establish that Mrs. Hunter suffered from a nonexertional limitation, during the time in question, which prevented the Secretary from relying on the grids.
 
 
 9
 Mr. Hunter contends that the Secretary should have employed the services of a vocational expert to determine whether his wife could have performed a significant number of jobs in the national economy. The Secretary can meet her burden by relying on the grids, Damron, 778 F.2d at 281-82, or by having a vocational expert testify as to the availability of jobs which a claimant can perform. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1174 (6th Cir.1990). Because Mrs. Hunter did not suffer from a nonexertional limitation which would prevent the application of the grids, the Secretary was not required to obtain the services of a vocational expert.
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation