108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul E. GARCHOW, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1634.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1997.
 
 E.D.Mich., No. 94-10043; Robert H. Cleland, Judge.
 E.D.Mich.
 VACATED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Paul E. Garchow appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Garchow filed an application for social security disability insurance benefits alleging that he suffered from shortness of breath, impaired memory and concentration, chest pain, mental impairments, alcoholism, and a heart condition. Garchow's application was denied by an administrative law judge (ALJ). The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Garchow then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner. Garchow requests leave to proceed in forma pauperis and has moved the court to take judicial notice of additional medical evidence which he has filed with the court.
 
 
 4
 Upon review, we conclude that substantial evidence does not exist to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Medical records from Garchow's treating physicians establish that Garchow suffers from severe coronary disease which has rendered him disabled. As there is simply no objective medical evidence in the record which establishes that Garchow's coronary artery disease allows him to perform a substantial number of jobs in the economy, we vacate the district court's judgment.
 
 
 6
 Garchow argues that res judicata should not have been applied to his prior application which he filed in 1988. The Commissioner may apply the doctrine of res judicata to deny consideration of a claim for benefits which raises issues and presents facts previously considered by the Commissioner in relation to a prior claim which was denied. Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 687 (6th Cir.1992). Garchow's prior application for benefits was considered and denied at the administrative level. Because the Commissioner had considered Garchow's prior claim of disability, the Commissioner properly declined to review the first application under the doctrine of res judicata. Id. Therefore, Garchow is entitled to benefits only under his 1991 application and not his 1988 application.
 
 
 7
 Accordingly, we grant Garchow leave to proceed in forma pauperis and deny the request for judicial notice. Furthermore, we vacate the district court's judgment and remand the case to the district court with instructions to award Garchow disability benefits under his 1991 application. Rule 9(b)(3), Rules of the Sixth Circuit.