**Carl T. PRESLEY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–6500.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

Carl T. Presley appeals a district court order affirming the Commissioner's denial of his application for supplemental security income benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Presley filed an application for supplemental security income benefits alleging that he suffered from pain in the legs and back, heart trouble, an enlarged liver, high blood pressure, stomach problems, and arthritis. Following a hearing, an administrative law judge (ALJ) determined that Presley was not disabled because he could perform his previous type of work. The Appeals Council declined to review the ALJ's determination. Presley then filed a complaint challenging the Commissioner's decision. The district court subsequently granted summary judgment to the Commissioner and dismissed the case.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Secretary of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

The Commissioner's decision is supported by substantial evidence. Presley contends that he is unable to return to his job as a pump watcher as it was a temporary position and no longer exists. He further states that he is unable to return to his usual work because of his condition. Presley also states that Dr. Gillenwater, a treating physician, stated that he was disabled. Finally, he states that another ALJ found him to be disabled on March 13, 1998.

Although Presley argues that his job as a pump watcher should not be considered as past relevant work, under the regulations, a job is considered past relevant work if it was performed in the last fifteen years, performed long enough so the individual learned how to perform the job, and was substantial gainful activity. 20 C.F.R. § 416.965(a). The duration of the job is not a requirement. Presley stated that his job as a pump watcher was for six months. He reported seven days a week and earned $5.00 per hour. Presley testified that the position required watching the pumps, occasionally adding oil to the pumps, and radioing for help if the pumps broke down. Presley performed this job despite his limited education. The vocational expert considered this position as past relevant work. As Presley's position as a pump watcher satisfied the requirements of § 416.965(a), the ALJ did not err in considering this position as past relevant work.

Presley also suggests that the job should not be considered as past relevant work because the company which hired him no longer operates pumps in that area. However, even if a past job no longer exists, a claimant would not be considered disabled. *See Pass v. Chater,* 65 F.3d 1200, 1204–05

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

(4th Cir.1995). Accordingly, Presley's argument that his previous job as a pump watcher could not be used to deny him benefits is without merit.

Presley states that the ALJ erred by not accepting the opinion of his treating chiropractor, Dr. Gillenwater. However, Dr. Gillenwater provided no treatment notes to support his October 1995 conclusion that Presley was disabled from performing manual labor. What Presley does not realize is that Dr. Gillenwater's opinion is consistent with the decision of the ALJ who found that Presley could not perform his past manual work, but could only perform his sedentary job as a pump watcher. Dr. Gillenwater stated that Presley was disabled from performing only manual labor. The opinion does not state that Presley was disabled from all work.

Presley states that he was awarded disability benefits by ALJ White. The Commissioner's brief indicates that Presley was awarded supplemental security income benefits as of March 19, 1998. However, the subsequent award of benefits is not relevant to his condition before January 6, 1998, the date of this current decision. *See Wyatt v. Secretary of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). Therefore, Presley's contention that his subsequent award of benefits entitles him to reversal of the Commissioner's decision is without merit.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.