Hallie MILLER, ON BEHALF OF Dameon DEVINE, Plaintiff– Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.

No. 00–6570.

United States Court of Appeals, Sixth Circuit.

May 17, 2002.

---

# 147

Before GUY and CLAY, Circuit Judges; and NUGENT, District Judge.*

**OPINION**

PER CURIAM.

Plaintiff, Hallie Miller, appeals a district court judgment affirming a final decision by the defendant Commissioner of Social Security denying plaintiff's application for supplemental security income on behalf of her infant son, Dameon Devine. For the reasons stated below, the district court's decision is AFFIRMED.

## I. Background

Plaintiff's infant son, Dameon Devine, was born on June 29, 1989. When Dameon was in kindergarten, plaintiff filed an application on behalf of Dameon with the Social Security Administration for Supplemental Security Income, Child's Benefits (SSI). Plaintiff claimed Dameon was disabled due to breathing problems and a learning disability.

The claim was denied initially and on reconsideration. Subsequently, a hearing was held before an Administrative Law Judge (ALJ). After consideration of the evidence, the ALJ found that Dameon was not disabled within the meaning of Public Law 104–193, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Welfare Reform Act"). The ALJ found that Dameon was not engaged in substantial gainful activity and has a medically determinable impairment that is severe. However, the ALJ found that Dameon's impairment did not meet a Listed Impairment and did not result in marked and severe functional limitations as required for SSI benefits.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed a civil action in the United States District Court for the Western District of Kentucky. The case was referred to a magistrate judge who issued a report and recommendation recommending that the district court affirm the Commissioner's decision. Over plaintiff's objections, the district court accepted the report and recommendation of the magistrate judge and affirmed the Commissioner's decision denying SSI benefits. This appeal followed.

## II. Discussion

### A. Standard of Review

This Court has jurisdiction on appeal to review the Secretary's final decision pursu-

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

ant to 42 U.S.C. § 405(g), which specifies that the Secretary's factual findings are conclusive so long as they are supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Wyatt v. Secretary of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir.1992), (*citing Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981)). If the decision is supported by substantial evidence, the decision must stand even if the reviewing court would resolve issues of fact in dispute differently. *Wyatt*, 974 F.2d at 683.

## B. SSI Benefits for Children

The Welfare Reform Act amended certain provisions of Title XVI of the Social Security Act relating to SSI applications by children. The Act provides:

> An individual under the age of 18 shall be considered disabled for purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Welfare Reform Act, Title II, Subtitle B, § 211(a)(4) (1996), 42 U.S.C. § 1382c(a)(3)(C)(i).

The SSA promulgated final rules implementing this provision. The rules establish a three step sequential evaluation for determining disability. The SSA will consider (1) whether the child is working; (2) whether the child has a medically determinable severe impairment which is expected to result in death, has lasted or is expected to last for a continuous period of not less than 12 months and, if so, (3)

whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000) (the "Listings"). 20 C.F.R. § 416.924 (2000).

SSA regulations also set forth methods that may be used to determine whether an impairment is functionally equivalent to a Listing, including consideration of whether the child's impairment effects "broad areas of development or functioning" set forth in the regulations. 20 C.F.R. § 416.926a(b)(1)-(b)(4) (2000). The regulations state that the SSA will find an impairment functionally equivalent to a Listing if the child has an extreme limitation in one area of functioning, or a marked limitation in two areas of functioning. 20 C.F.R. § 416.926a(b)(2). For children over three years of age, the areas of development or functioning that may be addressed in considering functional equivalence are (1) cognition/communication; (2) motor skills; (3) social ability; (4) personal ability; and (5) concentration, persistence or pace. 20 C.F.R. § 416.926a(c)(4). The regulations provide that when standardized tests are used as a measure of functional abilities, a "marked limitation" is a valid score that is two standard deviations or more below the norm for the test. 20 C.F.R. § 416.926a(c)(3).

The ALJ found that while Dameon has significant limitations as a result of his impairments, the evidence did not show that his impairments met or medically equaled a Listing. The ALJ found the evidence did not show the claimant's limitations were functionally equivalent in severity to a Listing.

## C. Issues Raised on Appeal

Plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ did not consider all of the evidence and did not apply all of the new

regulations. In particular, plaintiff cites 20 C.F.R. § 416.926a(3)(ii)(C). Plaintiff asserts the evidence showed that two tests performed on Dameon, a Batelle Inventory test conducted in 1992 and a 1997 Vineland Adaptive Behavior Composite, indicated that Dameon's overall functioning was two standard deviations below the norm. Plaintiff contends Dameon was disabled within the meaning of the regulations, and the ALJ erred in failing to apply Dameon's test scores to the new regulations.

This Court does not agree with plaintiff that the ALJ's decision is not supported by substantial evidence. Contrary to plaintiff's assertions, the ALJ's decision shows that the ALJ considered the 1992 Batelle Inventory test and the 1997 Vineland Adaptive Behavior Composite in determining whether Dameon's impairments were functionally equivalent to a Listing. The ALJ in his decision expressly noted the findings of the 1992 Batelle test. He stated the evidence showed that Dameon had marked limitations in concentration, persistence and pace for a short period of time in pre-school. The ALJ also expressly noted the 1997 assessment and found that the assessment of Dameon conflicted with other evaluations, which indicated that Dameon was not developmentally delayed and performed within average range. While the ALJ clearly considered the 1992 Batelle test results and the 1997 Vineland assessment on which plaintiff relies, the ALJ found, in light of other evidence and evaluations of Dameon, that Dameon did not meet the criteria for SSI benefits under the regulations governing functional equivalence. The Court finds the ALJ's determination is supported by substantial evidence in the record.

Plaintiff next claims the Magistrate Judge exceeded his role as a reviewing body and improperly stepped into the shoes of the ALJ by evaluating the evidence anew and making factual findings about Dameon's test scores rather than merely determining whether the ALJ's decision was supported by substantial evidence. This Court finds no reversible error. Although a district court's standard of review for a magistrate judge's report and recommendation is *de novo* when objections are made to the report and recommendation, *see* Fed.R.Civ.P. 72(b), this Court's review of a final decision by the Commissioner of Social Security is limited to whether there is substantial evidence in the record to support the ALJ's factual findings. This Court finds there is substantial evidence in the record to support the ALJ's decision.

### III. Conclusion

For the foregoing reasons, the district court's decision is hereby AFFIRMED.