KAREN NELSON MOORE, Circuit Judge,
dissenting.
The scope of our review in this case is quite circumscribed: we must affirm the Commissioner’s decision if substantial evidence exists in the record to support the administrative law judge’s (“ALJ”) determination that Burbridge does not meet the requirements of Listing 12.05. I believe that the ALJ’s Listing 12.05 ruling is supported by substantial evidence, and therefore, I respectfully dissent.
“ ‘Substantial evidence’ means ‘more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’” Kirk v. Sec’y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Certainly, “we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight.” Wyatt v. Sec’y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir.1992) (internal quotation marks omitted). But we “ ‘may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility,’ ” Walters v. Comm’r of Soc. Sec., 127 F.3d 525, 528 (6th Cir.1997) *417 (quoting Garner v. Heckler, 745 F.2d 388, 387 (6th Cir.1984)), “even if there is substantial evidence in the record that would have supported an opposite conclusion,” Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997). We must also keep in mind that “[t]he burden lies with the claimant to prove that [he] is disabled.” Foster v. Halter, 279 F.3d 348, 353 (6th Cir.2001).
In finding that Burbridge failed to demonstrate that he meets the capsule definition, the ALJ cited Exhibits 14E and 17F, which are school records and a “Speech/Language Report,” respectively. Administrative Record (“A.R.”) at 26 (Page ID # 55) (citing A.R. at 223-234 (Page ID #252-263); A.R. at 441-42 (Page ID # 470-71)). Exhibit 14E shows that Burbridge participated in gym, art, music, and home economics, see A.R. at 223 (Page ID # 252), that his performance in school was not due to “a severe behavioral handicap,” A.R. at 232 (Page ID # 261), and that he could “be very pleasant and mannerly,” A.R. at 224 (Page ID # 253). Exhibit 17F states that Bur-bridge’s articulation, speech, fluency, voice, and hearing were “[w]ithin normal limits” in ninth grade. A.R. 441-42 (Page ID # 470-71). These parts of the documents suggest that Burbridge did not manifest deficiencies in adaptive functioning while in school. As the majority points out, there are statements in the record that point the other way, see Majority Op. at 415, but given that there is no medical opinion finding a manifested deficiency[1] and that Burbridge had the burden of proof, these contrary statements do not mean that the ALJ’s decision is not supported by substantial evidence. If we were reviewing the ALJ’s decision de novo, I might be inclined to weigh the evidence differently, but under this narrow standard of review, I must affirm the district court and the ALJ.
The majority holds that the ALJ failed to explain his findings adequately and remands for further findings. See Majority Op. at 415 (citing 5 U.S.C. § 557(c)(3)(A); Reynolds v. Comm’r of Soc. Sec., 424 Fed.Appx. 411, 414 (6th Cir.2011)). I do not believe that this remand is necessary or appropriate. I agree that the ALJ’s analysis is cursory, and I would not recommend it as a model to be followed, but he did cite the relevant exhibits in the record. Those exhibits contain substantial evidence to support his conclusion, and thus, under our standard of review, that is enough. The majority sees this case differently, and as a result, I respectfully dissent.

. Whether a claimant meets the requirements of a particular listing, including whether he is intellectually disabled, is a question "reserved to the Commissioner.” 20 C.F.R. § 404.1527(d)(2). The AU can consult medical opinions, and a medical opinion contrary to the ALJ's finding must be explained. §§ 404.1527; 416.1444. But an AU has discretion whether to order additional testing. Landsaw v. Sec’y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir.1986).