961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Liby SHORT, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5897.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1992.
 
 Before KENNEDY, SILER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Liby Short (plaintiff), appealed the district court's grant of summary judgment affirming the Secretary of Health and Human Services' (Secretary) denial of social security benefits under Title II and Title XVI of the Social Security Act (Act), 42 U.S.C. § 401 through 433 and §§ 1381 through 1383c. On February 1, 1989, the plaintiff filed an application with the Department of Health and Human Services for a period of disability and disability benefits under the Act. This application was denied initially on March 6, 1989, and upon reconsideration by the Department of Health and Human Services on June 8, 1989. Thereafter, Short requested and received a hearing before an Administrative Law Judge (ALJ) who issued a decision denying Short's application on October 26, 1989. On July 11, 1990, the Appeals Council denied plaintiff's timely request to review the ALJ's decision.
 
 
 2
 Plaintiff subsequently filed a civil action in the United States District Court for the Middle District of Tennessee pursuant to 42 U.S.C. § 405(g) on August 6, 1990. On April 3, 1991, the United States Magistrate recommended that the ALJ's decision be affirmed. The district court adopted the magistrate's recommendation on May 21, 1991. Plaintiff timely filed her Notice of Appeal on July 18, 1991 pursuant to 28 U.S.C. § 1291.
 
 
 3
 On appeal, plaintiff argued that she was unable to perform a full range of light work, and therefore, the ALJ was not entitled to rely on the guideline grids. Nonexertional limitations or impairments can preclude the application of the guidelines only if they "significantly limit" the range of work permitted. Cole v. Secretary of Health and Human Services, 820 F.2d 768 (6th Cir.1987). Based on his medical examinations of the plaintiff, Dr. Lowery determined that Short could lift up to twenty pounds occasionally, lift ten pounds frequently, stand and/or walk six hours a day, and sit for less than six hours. The ALJ concluded that this evaluation indicated that the plaintiff could perform a full range of light work. Plaintiff claimed that because she can sit for less than six hours, she is unable to perform a full range of light work. It is not clear that light work requires sitting for longer than six hours. Social Security Ruling 83-11 states that light work requires standing and walking approximately six hours of an eight hour day. Sitting occurs intermittently. Social Security Ruling 83-10 states that "relatively few unskilled light jobs are performed in a seated position." This Court does not believe that a plaintiff who is unable to perform the "relatively few" light work jobs which involve extensive sitting can claim that she is unable to perform a full range of light work. Because light work jobs remain available to the plaintiff should extensive sitting be impossible, the findings of the ALJ were not in error.
 
 
 4
 In addition, Short asserted that the ALJ applied an incorrect legal standard to the definition of non-exertional impairment and gave inappropriate weight to lay testimony and the opinion of the treating physician, resulting in a final decision which was not supported by substantial evidence. Each of these claims is without merit, and the order of the district court entered May 21, 1991 (Morton, L.) is AFFIRMED for the reasons expressed in the United States Magistrate's Recommendations entered May 20, 1991 (Hayes, W) as adopted therein.