27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3330.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1994.
 
 Before: KEITH and NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is a Social Security case in which the claimant appeals a district court decision upholding the denial of disability benefits. The claimant argues that the decision by the Secretary of Health and Human Services to deny benefits was not supported by substantial evidence and that the district court misused an unpublished decision of this court in allowing the denial of benefits to stand. We conclude that the Secretary's decision was supported by substantial evidence and was based upon a proper understanding of the law. We shall therefore affirm the judgment of the district court.
 
 
 2
 * The claimant, Charles E. Robinson, was injured in a truck collision in January of 1988. He filed an application for disability insurance benefits on December 21, 1989. The application was denied, and Mr. Robinson sought a hearing before an administrative law judge.
 
 
 3
 After reviewing the evidence, including Mr. Robinson's testimony and medical reports from several physicians, the ALJ determined that Mr. Robinson was not disabled. The ALJ found Mr. Robinson's testimony regarding "his impairments and functional limitations, including pain, ... only partly credible." The ALJ concluded that Mr. Robinson had severe impairments of the spine, but that the impairments did not meet or equal the "listings" contained in 20 C.F.R. 404, Subpart P, Appendix 1, and that Mr. Robinson could perform light work. The Secretary adopted the ALJ's finding and denied Mr. Robinson's application for benefits.
 
 
 4
 On September 20, 1991, Mr. Robinson filed a complaint in the United States District Court for the Northern District of Ohio seeking judicial review of the Secretary's decision. The parties agreed to let the matter be handled by a magistrate judge. On January 13, 1993, concluding that the ALJ lacked substantial evidence to support his decision, the magistrate judge reversed the Secretary's decision.
 
 
 5
 The magistrate noted that the record contained a residual function capacity assessment suggesting that Mr. Robinson could not perform heavy lifting and could not return to his former employment as a truck driver because it would require him to sit for long periods of time in one position. The magistrate understood the Social Security regulations to mean that if a claimant could not sit for long periods of time, he could perform neither sedentary work nor the full range of light work. See 20 C.F.R. Sec. 404.1567(b) (defining light work). Because Mr. Robinson could not sit for long periods, the ALJ's finding that Mr. Robinson could perform the full range of light work was found not to have been based on substantial evidence. The magistrate also found that the ALJ had not properly analyzed Mr. Robinson's claim of disabling pain. The case was therefore remanded to the Secretary to "obtain vocational opinion testimony regarding claimant's sitting restriction and the other movement restrictions ... and claimant's ability to perform substantial gainful activity...."
 
 
 6
 The Secretary moved to alter or amend the magistrate's judgment, and Mr. Robinson made no response to the motion. On March 17, 1993, the magistrate granted the motion and affirmed the Secretary's decision to deny Mr. Robinson benefits. Looking to Social Security Ruling 83-10 and our unpublished decision in Short v. Dept. of Health and Human Services, No. 91-5897, 1992 WL 92790, 1992 U.S.App. LEXIS 10272 (6th Cir. May 4, 1992), the magistrate decided that he had misapplied the definition of "light work" in his prior decision. In Short we held that a claimant "who is unable to perform the 'relatively few' light work jobs which involve extensive sitting" is not necessarily "unable to perform a full range of light work." Id. at * 1, 1992 U.S.App. LEXIS 10272 at * 2, quoting Social Security Ruling 83-10. Under this interpretation of light work, the magistrate concluded that the ALJ's finding that Mr. Robinson could perform the full range of light work was not clearly erroneous.
 
 
 7
 Mr. Robinson has perfected a timely appeal.
 
 
 8
 Our role is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kirk v. Secretary of HHS, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's factual findings are supported by substantial evidence, this court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. Wyatt v. Secretary of HHS, 974 F.2d 680, 683 (6th Cir.1992). If supported by substantial evidence, the Secretary's decision must be affirmed even if this court would have decided the matter differently as a matter of first impression. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983). Affirmance is likewise required, under such circumstances, even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 9
 Short v. Dep't of HHS, No. 91-5867 supra, like the case at bar, dealt with a claimant's ability to perform light work. The Social Security regulations define light work as work that:
 
 
 10
 "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she could also do sedentary work, unless there are additional limiting factors, such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. Sec. 404.1567(b) (emphasis added).
 
 
 11
 Short held that because " 'relatively few unskilled light jobs are performed in seated position,' " one may be capable of doing the full range of light work even if unable to sit for extensive periods. 1992 WL 92790 at * 1, 1992 U.S.App. LEXIS 10272 at * 3, quoting Social Security Ruling 83-10. We believe this is a proper reading of 20 C.F.R. Sec. 404.1567(b), which requires only that a claimant be able to do "substantially all" of the listed activities to be capable of the full range of light work. In the case at bar, therefore, the view of the law upon which the magistrate relied in reaching his final decision was proper.
 
 
 12
 Mr. Robinson does not challenge the ALJ's finding that "his impairments do not meet or equal the requirements of any section of the Listings." However, Mr. Robinson objects to the ALJ's conclusion that he had "the residual functional capacity to perform the full range of light work" and that he was not disabled.
 
 
 13
 We conclude that substantial evidence in the record supports the ALJ's finding. The injuries caused by the 1988 truck collision were significant; they included a concussion, sprain and strain to Mr. Robinson's cervical spine, two broken ribs, a broken bone in the hand, and a fractured sternum. Nevertheless, the medical records indicate that Mr. Robinson has recovered from these injuries and that his treating physicians are optimistic that he can return to work. In February of 1988 Mr. Robinson's hand fracture was surgically corrected. A March 1988 bone scan showed that the spine and ribs were healing. Following an examination October of 1988, Dr. Fagan reported that Mr. Robinson had recovered from his injuries, with "pain of his neck, back and sternum" as the "main problem" remaining. Dr. Fagan also noted that despite Mr. Robinson's complaints of continuing pain, he had "only mild limitation of motion of his neck and back." Dr. Fagan's report stated that Mr. Robinson did not have any muscle spasm; his reflexes were good; he had good strength in his arms and legs; and his straight leg raising was normal. She concluded that Mr. Robinson was an excellent candidate for rehabilitation.
 
 
 14
 In May of 1989 Dr. Schultz reported that Mr. Robinson's cervical x-ray was essentially normal and that Mr. Robinson was neurologically normal. In December of 1989 Dr. McPherson, a neurologist, reported that Mr. Robinson's motor strength was normal; his reflexes were normal; his sensory capacities in his arms and legs were intact; and his leg raising was within normal limits. Dr. McPherson also indicated that Mr. Robinson had a full range of motion in both extremities despite some tenderness in his neck and lower back.
 
 
 15
 None of the physicians who treated Mr. Robinson reported that he was incapable of doing light work. Dr. Urbain indicated that the claimant was unable to perform his past employment as a truck driver but that he was a good candidate for rehabilitation. Dr. Fagan reported that Mr. Robinson could not lift heavy loads and could not tolerate the constant jarring and extensive sitting associated with driving a truck. Nevertheless, like Dr. Urbain, Dr. Fagan believed that Mr. Robinson was "an excellent candidate for rehabilitation."
 
 
 16
 To counter this medical evidence, Mr. Robinson testified that he suffered severe headaches, neck, and back pain. The ALJ did not find the testimony fully credible. In any event, a claimant's allegations of pain alone are not sufficient to support a finding of disability. See Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir.1986). Allegations of pain must be supported by objective medical evidence that shows the existence of an underlying impairment and that either confirms the severity of the pain or demonstrates an underlying impairment so severe it could reasonably be expected to produce the degree of pain alleged. Id. at 853. Whether it is reasonable to conclude that a medical condition causes disabling pain rests on objective evidence, including the claimant's treatment and medication, activities, and functional restrictions. Social Security Ruling 88-13.
 
 
 17
 Mr. Robinson maintains that he has established disabling pain because his complaints of pain are supported by evidence of spine and rib fractures, as well as sprains and strains of the spine. Several doctors who had examined Mr. Robinson reported that he had complained of pain. Dr. McPherson concluded in November 1990 that Mr. Robinson's neck and low back pain would continue to require chiropractic management and medication, and he stated that "Mr. Robinson will be partially permanently disabled."
 
 
 18
 We do not doubt that Mr. Robinson suffers pain; nevertheless, substantial evidence supports the ALJ's finding that his pain is not disabling. Mr. Robinson testified that his daily activities included some driving, gardening, cooking, and grocery shopping. He also stated that he sometimes cut the grass, camped, and went fishing. These types of activities are not consistent with disabling pain. The objective medical evidence also does not support a finding of pain to the degree that Mr. Robinson has alleged. No doctor has reported complaints of pain severe enough to establish that Mr. Robinson was totally disabled. Mr. Robinson's pain treatment is not remarkable, consisting primarily of mild medication, "light passive manipulation, ... moist heat applications, ultrasound and sine-waves." Mr. Robinson has a full range of motion in his upper and lower extremities. The medical evidence, considered in the light of Mr. Robinson's reported activities, is inconsistent with a finding of disabling pain--or so it was within the province of the ALJ to find.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation