52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenneth BRUCE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-3418.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 Before: KRUPANSKY, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal, Kenneth Bruce challenges the denial of his claim for disability insurance benefits under Title II of the Social Security Act. Specifically, Bruce argues that the Secretary erroneously found him not disabled and incorrectly applied the Medical-Vocational Guidelines, referred to throughout this litigation as "the grid".
 
 
 2
 From 1955 to 1985, Bruce was employed at U.S. Steel in a variety of positions, all of which were physically demanding. In 1969, he suffered a serious fall and broke some of his ribs. From about 1970, Bruce began complaining of, and was intermittently treated for, back pain, chest pain, and respiratory distress.
 
 
 3
 Bruce first filed a claim for disability benefits on June 16, 1986, contending that he was disabled by his medical problems and limited intelligence (he is functionally illiterate). His claim was denied initially and upon reconsideration by the Ohio Bureau of Disability Determination.
 
 
 4
 Bruce then sought review by the Secretary. Such administrative review is governed by a five-step sequential evaluation. First, if the claimant is employed in substantial gainful activity, benefits are denied. 20 C.F.R. Sec. 404.1520(b). Second, if the claimant cannot demonstrate a severe impairment, benefits are denied. 20 C.F.R. Sec. 404.1520(c). Third, if the claimant does have a severe impairment, he must then prove that it meets or equals the criteria in the Listing of Impairments and is, therefore, presumptively disabling. 20 C.F.R. Sec. 404.1525(d). Fourth, if a listed impairment is not met or equalled, the administrative law judge must decide whether the claimant retains the residual functional capacity to engage in any past relevant work. 20 C.F.R. Sec. 404.1520(e). Fifth, if it is determined that the claimant cannot perform his past relevant work, the Secretary must prove that the claimant can perform other work, considering his age, education, past work experience, and residual functional capacity. 20 C.F.R. Sec. 404.1520(f). In order to determine whether jobs are available that the claimant can perform, the administrative law judge may rely on a vocational expert. Bradford v. Secretary of HHS, 803 F.2d 871, 874 (6th Cir.1986). If the claimant suffers from an impairment limiting only his strength, the Secretary need not rely on a vocational expert but, rather, may rely on the grid alone. Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir.1990). "The grid is composed of rules ..., each of which specifies whether a claimant with a particular combination of the four factors [age, education, past work experience, and residual functional capacity] will be found disabled or not disabled." Abbott, 905 F.2d at 926.
 
 
 5
 At his first hearing, held on August 6, 1987, Bruce testified that he drove, played cards, visited, shopped, and attended union meetings and church services. He also mowed the yard and could lift and carry an estimated 20 pounds. On June 27, 1988, the administrative law judge found that Bruce retained the residual functional capacity to return to his past relevant work as a steel-worker. The Appeals Council remanded, finding that Bruce's pulmonary obstructive lung disease precluded him from working in a steel mill and, accordingly, directed the administrative law judge to consider what other jobs Bruce could perform.
 
 
 6
 At his second hearing, in March 1989, Bruce testified that his back condition had worsened, rendering him essentially immobile. But, in response to questioning by the administrative law judge, Bruce conceded that he could perhaps lift 50 pounds. A vocational expert opined that Bruce retained the residual functional capacity to perform "routine, repetitive medium work" in a pollution-free environment and noted the existence of a large number of such jobs. Thus, on June 28, 1990, the administrative law judge, characterizing the medical evidence as "generally unremarkable," again found Bruce not disabled. The judge noted that the appropriate rule in the grid also produced a finding of no disability. The administrative law judge's decision became the final decision of the Secretary and the district court affirmed.
 
 
 7
 If supported by substantial evidence, the Secretary's decision must be upheld, even if the reviewing court would have decided the matter differently. Kinsela v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983). This is true even if a conclusion contrary to that reached by the Secretary is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc ). Substantial evidence is more than a scintilla, but less than a preponderance of evidence. It is such relevant evidence as a reasonable mind might believe adequate to support a conclusion. Kirk v. Secretary of HHS, 667 F.2d 524, 535 (6th Cir.1981). This court may not review the appeal de novo, resolve conflicts in evidence, nor decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Further, the ultimate burden of proof rests with the claimant to establish an entitlement to benefits. Wyatt v. Secretary of HHS, 974 F.2d 680, 683 (6th Cir.1992).
 
 
 8
 Bruce first argues that the Secretary's finding is not supported by substantial evidence. The record, however, clearly reveals that the administrative law judge thoroughly considered the testimony of Bruce and his treating physicians and that the physicians' testimony frequently contradicted that of the claimant. For example, from 1970 to 1988, Bruce's treating physician placed no restrictions on his activities except, in 1987, to prohibit hard labor. In October, 1989, after a neurological and muscle-skeletal examination, the claimant's treating physician reported that he was "doing fine" and "feeling good." On March 16, 1990, Bruce's extremities and back were found to be "intact with good range of motion and neurosensory and neuromotor function, deep tendon reflexes, ... appears to be normal." Based on the record before us, we cannot say that the administrative law judge's determination was not supported by legally sufficient evidence.
 
 
 9
 Bruce next argues that the administrative law judge erred by not finding him disabled under Sec. 203.00(b) of the grid, Subpt.P, App. 2, the last sentence of which provides that "an individual with a marginal education and a long work experience (i.e., 35 years or more) limited to the performance of arduous unskilled labor, who is not working and is no longer able to perform this labor because of a severe impairment(s), may still be found disabled even though the individual is able to do medium work."
 
 
 10
 Bruce's reliance on this provision is unavailing. First, he engaged in arduous labor at U.S. Steel for 30 years, not 35. Second, even assuming that Bruce meets the criteria of the guideline, a finding of disability is not mandatory. As indicated, the guideline provides that, under the specified circumstances, a claimant "may still be found disabled." (Emphasis added.) In other words, the application of the final provision of Sec. 203.00(b) is clearly discretionary, providing the administrative law judge with the latitude to deviate from the grid. See Abbott, 905 F.2d at 927. Again, given the record before us, we cannot say that the administrative law judge erred in this regard.
 
 
 11
 The court has been notified by means of a supplemental brief filed by Bruce on March 10, 1995, that a new application for disability benefits has now been reviewed favorably to the claimant and benefits awarded retroactive to June 28, 1990. The court has determined that the decision in that case has no effect on the appeal now before us.
 
 
 12
 For the reasons stated above, we AFFIRM the denial of benefits in this case.